DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
Tel:   (520) 322-5000
Fax:   (520) 322-5585

Steven J. Itkin (AZ #012201)
sitkin@dmyl.com

RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
Tel:   (949) 752-2911
Fax:   (949) 752-0953

Patricia R. Rynn (*Admitted Pro Hac Vice*)
pat@rjlaw.com

Attorneys for Intervening Plaintiff, *Braga Fresh Family Farms, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA - TUCSON DIVISION

| | |
|---|---|
| Sato & Company LLC,<br><br>           Plaintiff,<br><br>     vs.<br><br>Kodiak Fresh Produce LLC; Blair A Hillman; Gretchen S Hillman; H & K Southwest Development LLC; Sperry Management Incorporated; Sperry Trading LLC; BGH Management Services LLC; Hillman Family Limited Partnership; Tolleson Steel LLC; MI Hacienda Foods LLC; Salty Mango LLC,<br><br>           Defendants, | Civil Action No: 4:16-cv-00580-RM<br><br>**COMPLAINT IN INTERVENTION**<br><br>[Assigned to Hon. Rosemary Márquez] |
| Braga Fresh Family Farms Incorporated,<br><br>           Intervening Plaintiff,<br><br>     vs.<br><br>Kodiak Fresh Produce LLC; Blair A Hillman; Gretchen S Hillman; H & K Southwest Development LLC; Sperry Management Incorporated; Sperry Trading LLC; BGH Management Services LLC; | |

Hillman Family Limited Partnership; Tolleson Steel LLC; MI Hacienda Foods LLC; Salty Mango LLC,

Defendants.

Braga Fresh Family Farms, Inc. ("Braga" or "Intervening Plaintiff"), for its complaint against Defendants alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "the PACA") and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Intervening Plaintiff's non-PACA claims pursuant to 28 U.S.C. § 1367.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) Intervening Plaintiff's claim arose in this District and (b) Defendants' principal place of business is in this District.

## PARTIES

3. Intervening Plaintiff Braga, a California corporation with its principal place of business in Soledad, California, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Kodiak Fresh Produce, LLC a/k/a Kodiak Produce a/k/a Kodiak Fresh, LLC a/k/a Kodiak Fresh Salt Lake City a/k/a Kodiak Produce & Storage a/k/a Kodiak Produce & Storage Inc. ("Kodiak Fresh"), is an Arizona limited liability company registered to conduct business in the state of Arizona, with its principal place of business in Maricopa County, Arizona. At all times material to this case, Kodiak Fresh was a dealer and commission merchant subject to and licensed under PACA.

b. Blair A. Hillman ("B. Hillman") is an individual who resides in Maricopa County, Arizona. At all times material to this case, B. Hillman was the sole officer, director, manager and/or shareholder of Kodiak Fresh and in such capacity, controlled or was in a position to control the PACA trust assets held by Kodiak Fresh.

## GENERAL ALLEGATIONS

5. On April 16, 2016, Intervening Plaintiff sold and delivered to Kodiak Fresh, in interstate commerce, wholesale amounts of produce worth $940.00, all of which remains unpaid. A copy of Intervening Plaintiff's unpaid Invoice is attached hereto as **Exhibit 1**.

6. At the time of receipt of the produce, Intervening Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

7. Intervening Plaintiff preserved its interests in the PACA trust in the aggregate amount of $940.00 by providing notice to Kodiak Fresh via invoice delivered to Kodiak Fresh with the requisite language pursuant to 7 U.S.C. §499e(c)(4). *See* Invoice, Exhibit 1.

8. Kodiak Fresh has not disputed the debt.

9. Kodiak Fresh's failure and refusal to pay Intervening Plaintiff demonstrate that Kodiak Fresh is failing to maintain PACA trust assets to pay Intervening Plaintiff and is dissipating trust assets.

## Count 1

### (Failure to Pay PACA Trust Funds)

10. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 9 above as if fully set forth herein.

11.     The failure of Defendants to pay PACA trust funds to Intervening Plaintiff in the aggregate amount of $940.00 violates PACA and PACA regulations, and is unlawful.

WHEREFORE, Intervening Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $940.00 plus interest from the date each invoice became past due contractual late fees, costs, and attorneys' fees under the trust provisions of PACA to Intervening Plaintiff.

### Count 2

**(Failure to Pay for Goods Sold – Kodiak Fresh)**

12.     Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.     Kodiak Fresh failed and refused to pay Intervening Plaintiff $940.00 owed to Intervening Plaintiff for produce received by Kodiak Fresh from Intervening Plaintiff.

WHEREFORE, Intervening Plaintiff requests judgment against Kodiak Fresh in the amount of $940.00 plus interest from the date each invoice became past due, contractual late fees, costs, and attorneys' fees under the trust provisions of PACA.

### Count 3

**(Unlawful Dissipation of Trust Assets by a Corporate Official – B. Hillman)**

14.     Intervening Plaintiff incorporates each and every allegation set forth in paragraph 1 to 13 above as if fully set forth herein.

15.     Defendant B. Hillman was a principal and member who operated Kodiak Fresh during the period of time in question.

16.     Defendant B. Hillman was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

17.     Defendant B. Hillman failed to direct Kodiak to fulfill its statutory duties to preserve and pay PACA trust assets to Intervening Plaintiff for the produce it supplied.

18. Defendant B. Hillman's failure to direct the corporation to maintain PACA trust assets and pay Intervening Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

19. As a result of said unlawful dissipation of trust assets, Intervening Plaintiff has been deprived of its rights as beneficiaries in the produce trust and have been denied payment for the produce it supplied.

WHEREFORE, Intervening Plaintiff requests judgment against Defendant B. Hillman in the amount of $940.00 plus interest from the date each invoice became past due, contractual late fees, costs, and attorneys' fees under the trust provisions of PACA.

### Count 4

**(Failure to Make Prompt Payment of Trust Funds – Kodiak Fresh and B. Hillman)**

20. Intervening Plaintiff incorporates each and every allegation set forth in paragraph 1 to 19 above as if fully set forth herein.

21. Kodiak Fresh received each of the shipments on which this action is based.

22. Kodiak Fresh is required to promptly tender to Intervening Plaintiff full payment for the produce received in those shipments pursuant to PACA.

23. B. Hillman, by virtue of his position of control over Kodiak Fresh, is required to direct Kodiak Fresh to promptly pay Intervening Plaintiff for the produce it supplied.

24. Kodiak Fresh failed and refused to pay for the produce supplied by Intervening Plaintiff within the payment terms specified by 7 C.F.R. § 46.2(aa).

25. As a direct and proximate result of the failure of Kodiak Fresh to pay promptly, and the failure of B. Hillman to ensure Kodiak Fresh made prompt payment, Intervening Plaintiff has incurred damages in the aggregate amount of $940.00, plus

1 interest from the date each invoice became past due, contractual late fees, costs, and
2 attorneys' fees.

3 WHEREFORE, Intervening Plaintiff requests judgment against Kodiak Fresh and
4 B. Hillman, jointly and severally, in the amount of $940.00 plus interest from the date each
5 invoice became past due, contractual late fees, costs, and attorneys' fees under the trust
6 provisions of PACA.

## Count 5

### (Interest and Attorney's Fees)

26. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27. Defendants failed to make full payment promptly of $940.00 and Intervening Plaintiff has lost the use of said money.

28. As a result of Defendants' failure to make full payment promptly of $940.00, Intervening Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties.

29. PACA, A.R.S. § 44-1201(B), and the invoices of Intervening Plaintiff entitle Intervening Plaintiff to recover prejudgment interest and attorney's fees incurred to collect any balance due from Defendants.

WHEREFORE, Intervening Plaintiff requests judgment against each of the Defendants, jointly and severally, for prejudgment interest and attorneys' fees.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    DATED this 18th day of November, 2016,

2  RYNN & JANOWSKY  
   4100 NEWPORT PLACE DRIVE, SUITE 700  
3  NEWPORT BEACH, CA 92660  
   Tel:  (949) 752-2911  
4  Fax:  (949) 752-0953  

5  Patricia R. Rynn (*Admitted Pro Hac Vice*)  
   pat@rjlaw.com  
6  

7  Attorneys for Intervening Plaintiff, *Braga Fresh Family Farms, Inc.*

DECONCINI MCDONALD YETWIN & LACY, P.C.

By:    */s/ Steven J. Itkin*  
Steven J. Itkin  
2525 E. Broadway Boulevard, Suite 200  
Tucson, AZ 85716  
(520) 322-5000, Fax (520) 322-5585  
sitkin@dmyl.com

Attorneys for Intervening Plaintiff, *Braga Fresh Family Farms, Inc.*